**228**

**In re Pasquale and Shelly FERRARO, Debtors.**

**Bankruptcy No. 1–85–01218.**

United States Bankruptcy Court,
N.D. California.

Sept. 29, 1986.

Douglas B. Provencher, Rohnert Park, Cal., for debtors.

David N. Chandler, Santa Rosa, Cal., for trustee.

FINDINGS OF FACT AND CONCLU- SIONS OF LAW REGARDING TRUSTEE'S OBJECTION TO DEBT- ORS' CLAIM OF EXEMPTIONS AND ORDER DENYING OBJECTION

CONLEY S. BROWN, Bankruptcy Judge.

This matter came on for hearing before the Honorable Conley S. Brown on August 15, 1986. Douglas B. Provencher appeared for the Debtors, Pasquale and Shelly Ferraro, and David N. Chandler appeared for the trustee, William B. Grover. After reviewing the pleadings filed by the parties and the consideration of the argument presented and for good cause, the court makes the following findings of fact:

1. The Debtors, Pasquale C. Ferraro and Shelly A. Ferraro, filed a Chapter 7 petition on October 21, 1985.

2. The Debtors, Pasquale C. Ferraro and Shelly A. Ferraro, are husband and wife.

3. On June 20, 1986, the Debtors filed an amendment to Schedule B–4 in which amendment the wife claimed exemptions under various sections of Chapter 4, Article 3 of the Code of Civil Procedure Section 704 and under which the husband claimed exemptions under Code of Civil Procedure Section 703.140.

4. The Trustee, William B. Grover, filed a timely objection to the Debtors' claim of exemptions. The Trustee objected to the exemptions on the basis that a husband and wife may claim exemptions under Code of Civil Procedure Section 703 or under Code of Civil Procedure Section 704, but not both.

The Court makes the following conclusions of law:

1. Bankruptcy Code Section 11 U.S.C. 522(m) provides that each Debtor in a joint case is entitled to claim exemptions.

2. California Code of Civil Procedure Section 703.140(a)(1) states that, "If a husband and wife are joined in the petition, they jointly may elect to utilize the applicable exemption provisions of this chapter other than the provisions of subdivision (b), or to utilize the applicable exemptions set forth in sub-division (b), but not both." This section of the Code of Civil Procedure is contrary to the Federal law and since the Federal law controls, this section is unconstitutional.

3. The Trustee's objection to the Debtors' exemption is denied and the Debtors' exemptions as amended are allowed.